**SWISS WATCH DIAL CO., Inc. v. INTER-NATIONAL DIAL CO., Inc., et al.**

Civ. 43–787.

District Court, S. D. New York.

Feb. 4, 1948.

Henry L. Burkitt, of New York City, for plaintiff.

Peter Fries, Jr., of New York City, for defendants International Dial Co., Inc. and Aaron Goodkind, individually and doing business as Arctic Watch Co.

BRIGHT, District Judge.

Plaintiff's motion to dismiss the counterclaim pleaded by the defendants International Dial Co. Inc. and Aaron Goodkind, individually and doing business as Arctic Watch Co. is granted. As I read it, the counterclaim attempts to plead claims for violation of the federal antitrust laws, in that plaintiff is attempting illegally to extend the monopoly of a patent, and for unfair competition, both based on the al-legation that plaintiff has circularized the watch trade, and advertised in a magazine published throughout the United States, that it is the only one which has the right to make rhinestone watch dials, the edge of which is reduced in thickness so that the case, movement and dial may be fitted to-gether under Patent No. 2,427,961, and that the trade may avoid legal headaches by buy-ing dials from plaintiff. It is asserted by defendants that plaintiff has violated sec-tions 1 through 7 and 14 and 15 of Title 15 U.S.C.A. Section 1 makes illegal every contract, combination or conspiracy in re-straint of trade or commerce, among the several states, with certain exceptions not here material. Section 2 provides that every person who shall monopolize or con-spire with other persons to monopolize any part of the trade or commerce among the several states, shall be guilty of a mis-demeanor. Section 3 declares illegal every contract, combination or conspiracy, in re-straint of trade or commerce in any Ter-ritory of the United States or in the District of Columbia, or between such Ter-ritory and another, or between such Ter-ritory and any state or said District. Sec-tion 4 invests the several district courts with jurisdiction to prevent and restrain violations of sections 1–7 and 15; and makes it the duty of the several district attorneys of the United States to institute proceedings for that purpose. Section 5 permits the bringing in of additional par-ties in litigation under section 4. Section 6 authorizes the forfeiture, seizure and con-demnation of property owned under any contract, combination or conspiracy, the subject of and mentioned in section 1, while in transit from one state to another. Sec-tion 7 merely defines person or persons. Section 14 makes it unlawful for any person engaged in commerce, to sell, lease, or contract for sale any merchandise, patented or unpatented, for use, consumption or resale, on an agreement or understanding not to use or deal in the goods of a com-petitor where such understanding lessens competition or tends to create a monopoly. Section 15 permits any person who shall be injured in his business or property by rea-son of anything forbidden in the antitrust laws to sue in any district court of the

United States in the district in which the defendant resides, is found or has an agent, and to recover threefold damages. It is difficult to see how any of sections 3 through 7 or 14 have any reference to the allegations set out in the counterclaim. There is no allegation of any contract, combination, conspiracy or monopoly in restraint of trade or commerce among the several states or elsewhere. The mere advertisement or circularization of the trade in the manner mentioned, in my judgment, would not constitute a violation of the Sherman or Clayton Acts. It might be a defense to the plaintiff's cause of action based on an infringement of a valid patent, but the determination of that is not now necessary. The allegations in the counterclaim do not seem to me to state any claim under the antitrust laws; and inasmuch as there is no diversity of citizenship, I cannot see how, under the facts stated in the counterclaim, this court has jurisdiction of the claim of unfair competition.

For the reasons stated above, the application by the said defendants for injunctive relief based upon the allegations in the counterclaim must be denied.

Settle order on notice.